STEVEN A. BAGGETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baggett v. Commissioner
Docket No. 4296-92
United States Tax Court
T.C. Memo 1993-218; 1993 Tax Ct. Memo LEXIS 221; 65 T.C.M. (CCH) 2716; May 19, 1993, Filed *221 Steven A. Baggett, pro se. For respondent: John R. Keenan. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 13,646 in petitioner's Federal income taxes for 1988 and additions to tax of $ 10,235 under section 6653(b)(1) and $ 3,412 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1988, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner failed to appear for trial and did not comply with the Court's order compelling discovery or with the Standing Pre-Trial Order. Respondent presented evidence that petitioner was liable for the addition to tax for fraud. FINDINGS OF FACT Some of the facts are deemed admitted by petitioner's failure to respond to respondent's Request for Admissions. Petitioner resided in Clarksville, Tennessee, when the petition in this case was filed. On August 31, 1984, petitioner executed under oath a voluntary petition in bankruptcy. In that petition, he represented, among other things, that he had no cash on hand and that his total assets were $ 14,400 in personal property. On October 25, *222 1988, petitioner was arrested for selling cocaine. The arresting officers seized $ 28,271 in cash from petitioner at the time of his arrest. Petitioner made various cash purchases before, after, and during 1988. Cash payments made in 1988 included $ 7,800 against the purchase price of a 1986 Chevrolet Corvette and $ 11,152 against the purchase price of a 1988 Chevrolet Silverado truck. Petitioner's use of funds during 1988 exceeded $ 73,000. During 1988, petitioner did not receive any loans, gifts, or inheritance, and he did not have any other nontaxable sources of income. On his tax return for 1988, petitioner reported gross receipts of $ 14,000 from his business as "Jack of all Trades". Petitioner also reported interest income of $ 126. Petitioner did not maintain books and records regarding his business activities, and respondent redetermined petitioner's income through the source and application of funds method of income reconstruction. The reconstruction was based on various records of purchases by petitioner during 1986, 1987, and 1988 and on an interview with petitioner. During the interview, petitioner falsely stated to respondent that his source of funds during 1988 *223 was a preexisting cash hoard. Respondent determined that petitioner had unreported income of $ 43,696. OPINION By reason of his failure to appear for trial, to present evidence as to which he has the burden of proof, or otherwise properly to prosecute this case, the amount of the deficiency and the addition to tax under section 6661 are decided against petitioner. Rules 123(a) and (b), 142(a), 149. Respondent, however, bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Respondent may rely on facts deemed admitted under Rule 90(c). ; ; see also , affg. . The addition to tax for fraud is a civil sanction intended to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. . Respondent *224 has the burden of proving, by clear and convincing evidence, an underpayment and that some part of the underpayment was due to fraud. See section 6653(b)(1) and (2). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes that are due. Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. In this case, respondent presented evidence that petitioner had illegal income, that he dealt extensively in cash, that he failed to maintain records of his business dealings, that he understated his income on his tax return, and that he gave implausible and inconsistent explanations of his unexplained sources of income. Each of these facts is a badge of fraud. See, e.g., , affg. . We conclude that respondent has presented clear and convincing evidence of fraud. Decision will be entered *225 for respondent.